UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KYLE WILLIAMS,

          Plaintiff,

    v.

YUBA CITY, et al.,

          Defendants.

No.  2:22-cv-01750-JAM-CKD

**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

    Defendants Yuba City, Katheryn Danisan, D. Hauck, Enrique Jurado, Nico Mitchell, and Spencer Koski's (collectively, "Defendants") move to dismiss Plaintiff Kyle Williams' ("Plaintiff") first amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Defs.' Mot. to Dismiss Pl.'s FAC ("Mot."), ECF No. 17.  For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Defendants' motion.[1]

### I.   REQUEST FOR JUDICIAL NOTICE

    Defendants request three matters be judicially noticed under Rule 201 of the Federal Rules of Evidence.  Mot. at 7; Defs.' Req. for Judicial Notice ("RJN"), ECF No. 17-3.  "A court

---

[1]This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).

may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).  The first matter is a child custody and visitation order issued by Sutter County Superior Court, Case No. CVFL 16-0001122, concerning Plaintiff's and Ms. Adams' respective custodial rights to their children (the "Custody Order").  Exh. A to Mot., ECF No. 17-2 at 3-9.  The second is a preliminary hearing minute order from Sutter County Superior Court in connection with Plaintiff's prior criminal prosecutions, Case Nos. CRF 20-0002073 and CRF 20-0002026, the same criminal matter that serves as the basis for Plaintiff's claims in this action. Exh. B to Mot., ECF No. 17-3 at 10-12.  Lastly, Defendants' request the Court take judicial notice that August 31, 2020, was a Monday.  RJN at 11.  Plaintiff does not oppose Defendants' request.  See Opp'n.

A court may take judicial notice of undisputed matters of public record and the existence of another court's opinion because its authenticity is not subject to reasonable dispute. Fed. R. Evid. 201(b); Lee, 250 F.3d at 689, 690.  Accordingly, and in the absence of Plaintiff's objection, the Court takes judicial notice of Exhibits A and B, ECF No. 17-3, and that August 31, 2020, was a Monday, as requested.  Id.; Fed. R. Evid. 201(b).  The Court only takes judicial notice of the contents, or lack of contents, within the matters noticed and not the truth of those contents.  See In re Calder, 907 F.2d 953, 955 n.2 (10th Cir. 1990); Lee, 250 F.3d at 690.  Similarly, the Court only takes judicial notice of Sutter County Superior

2

1  Court's minute order and not any factual matters recited

2  therein.  Lee, 250 F.3d at 690.

3                    II.   ALLEGATIONS AND BACKGROUND

4       The crux of Plaintiff's claims arise from an incident

5  occurring on August 31, 2020.  See First Am. Compl. ("FAC") ¶ 8.

6  Although a total of four incidents are alleged in the FAC, each

7  culminating in an arrest or criminal prosecution, only the

8  incident on August 31, 2020, serves as the basis for Plaintiff's

9  claims in this action.  Id.  The incident on August 3, 2020, is

10 relevant only to the extent the charges arising from that day

11 were tried collectively with the charges arising from the

12 incident on August 31, 2020.

13      A.   August 3, 2020

14      On August 3, 2020, Plaintiff was in Lake Tahoe, California

15 with his and Ashley Adams' children.  FAC at 6:19-21.  Plaintiff

16 and Ms. Adams shared custody of their children in accordance with

17 the Custody Order in effect at the time.  From Lake Tahoe,

18 Plaintiff had planned to drive to Tennessee to take his oldest

19 son to college.  Id. at 6:12-16.  The Custody Order specified

20 that traveling outside the county was to be handled by both

21 parties in good faith.  Id. at ¶ 9. Plaintiff had previously

22 obtained Ms. Adams' consent for the trip pursuant to the Custody

23 Order.  Id. at 6:15-16.  However, while Plaintiff was in Lake

24 Tahoe, Ms. Adams called the police to report that Plaintiff was

25 in violation of the Custody Order and asserted she did not

26 consent.  Id. at 6:14-17.  Ms. Adams' statements to the police

27 were dishonest, and she ultimately admitted to the dishonesty,

28 but it is unclear from the allegations who she admitted this to.

1    Id. at 6:12-19.  Two days later, Yuba City Police Officer N.

2    Livingston contacted Plaintiff and noted that Ms. Adams was

3    untruthful in conveying her version of events.  Id. at 7:1-3.

4    Plaintiff ultimately cancelled his plan to drive to Tennessee and

5    returned to Sutter County with his children on August 7, 2020.

6    Id. at 7:4-5.

7         After returning, Ms. Adams believed Plaintiff would

8    permanently leave the state with their children the next time he

9    had custody.  She therefore obtained a "Good Cause Order" which

10   temporarily restricted Plaintiff's custody rights.  Id. at 7:5-

11   18.  Defendant Danisan, a Yuba City police officer, assisted Ms.

12   Adams in obtaining the "Good Cause Order" by providing a

13   supporting statement containing comments Plaintiff allegedly made

14   to her.  FAC ¶ 10.  Plaintiff alleges Defendant Danisan knew or

15   should have known Ms. Adams' statement was materially false.  FAC

16   ¶ 10.  Plaintiff was not interviewed or questioned before the

17   "Good Cause Order" was issued.  The "Good Cause Order" was

18   removed on August 21, 2020.  Id. at 9:3-5.

19        B.   August 31, 2020

20        On Monday, August 31, 2023, Plaintiff was again in Lake

21   Tahoe, California with his children.  FAC at 9:4-5.  Ms. Adams

22   contacted Plaintiff and insisted that he exchange the children at

23   8:00 a.m. at the police station, as required by the Custody

24   Order.  Id. at 9:6-8.  Plaintiff alleges "[h]e had agreed to

25   bring them back after distance learning was done for the day,"

26   but it is unclear whether this means he had obtained Plaintiff's

27   consent.  Id. at 9:4-6.  Soon after, Plaintiff was contacted by

28   someone at the Yuba City Police Department who ordered him to

                                   4

drive back to the police station immediately.  Id. at 9:8-10.
Plaintiff complied.  Id.

   When Plaintiff arrived at the police station, he did not see
Ms. Adams or any police officer present.  Id. at 9:13-16.
Unknown to him, Ms. Adams was warned she should not appear at the
exchange because Plaintiff may attempt to commit "suicide-by-
cop."  Id. at 9:11-13.  Because no one was present at the parking
lot, Plaintiff drove to a local convenience store to purchase
beverages for his children.  Id. at 9:16.  As he left for the
convenience store, Plaintiff was speaking with Defendant Hauck, a
police officer for the Yuba City Police Department, via
telephone.  Id. at 9:17-21.  Plaintiff was soon being followed by
other police vehicles.  Id.  Plaintiff and Defendant Hauck's
telephone call was momentarily disconnected but they resumed
their call shortly after.  Id. at 9:17-19.  During the second
phone call, Plaintiff alleges Defendant Hauck instructed him to
drive back to the police station, and he attempted to comply.
FAC 9:22. Meanwhile, Defendant Hauck had instructed the other
police officers in pursuit to lay spike strips to stop
Plaintiff's vehicle.  Id. at 9:22-24.  Plaintiff alleges the
first phone call was recorded but that the second phone call—when
Defendant Hauck informed him to continue driving to the police
station—was not recorded.  Id. at 9:17-19.  Plaintiff ultimately
stopped his vehicle and was arrested.  Id. at 10:1-2.

   C.   Criminal Prosecution and Other Allegations

   The Sutter County District Attorney Office filed charges
against Plaintiff for the incidents occurring on August 3, 2020,
and August 31, 2020, Case Nos. CRF-20-2026 and CRF-20-2073,

respectively.  FAC at 5:22-24, 8:1-4.  From both incidents, Plaintiff was criminally charged with violating Penal Code sections 278.5 (depriving lawful custodian of the right to child custody), 273a(a) (child endangerment), 166(a)(4)(disobeying a court order) and Vehicle Code section 2800.1 (fleeing a pursuing peace officer).  Id. at 5:22-24, 8:1-4.

Both cases were consolidated and proceeded to trial on February 3, 2021.  Id. at 5:22-24, 8:1-4.  Plaintiff was acquitted of all charges arising from the incident on August 31, 2020, and found guilty of one charge in connection with the incident on August 3, 2020: a violation California Penal Code section 166(a)(4) for "[w]illful disobedience of the terms, as written, of a process or court order or out-of-state court order, lawfully issued by a court, including orders pending trial."  Id.

Plaintiff alleges the arrests and criminal prosecutions against him were without probable cause because the officers knew Ms. Adams previously made materially false statements about whether she gave Plaintiff consent to take their children out of the county.  Id. at ¶ 12.  Plaintiff also alleges he was the target of a conspiracy to be deprived of his constitutional rights because he is an African-American male.  Id. at ¶¶ 13-14. Plaintiff contacted Yuba City Police Department over 20 times regarding Ms. Adams' failure to provide him access to his children but that they failed to enforce Plaintiff's rights while only enforcing Ms. Adams' rights.  Id. at ¶ 21.

Plaintiff's FAC asserts seven causes of action under federal law: (1) excessive force; (2) malicious prosecution;

6

1   (3) destruction of exculpatory evidence;[2] (4) false arrest;

2   (5) selective arrest and prosecution in violation of the Equal

3   Protection Clause; (6) unlawful seizure of property under Monell;

4   and (7) unconstitutional deprivation of familial relations.  See

5   generally FAC.

6        Defendants Danisan, Hauck, Jurado, Koski, Mitchell, and Yuba

7   City now move to dismiss each claim.  See Mot.  Plaintiff

8   opposed, Opp'n, ECF No. 19, and Defendants replied, Reply, ECF

9   No. 20.

10                      III.  OPINION

11       A.   Legal Standard

12       Dismissal is appropriate under Rule 12(b)(6) of the Federal

13  Rules of Civil Procedure when a plaintiff's allegations fail "to

14  state a claim upon which relief can be granted."  Fed. R. Civ.

15  P. 12(b)(6).  "To survive a motion to dismiss [under 12(b)(6)],

16  a complaint must contain sufficient factual matter, accepted as

17  true, to state a claim for relief that is plausible on its

18  face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal

19  quotation marks and citation omitted).  While "detailed factual

20  allegations" are unnecessary, the complaint must allege more

21  than "[t]hreadbare recitals of the elements of a cause of

22  _____

23  [2]Plaintiff's third cause of action is entitled "42 U.S.C. § 1983—
    Sixth Amendment Right to Fair Trial; Sixth Amendment Right to
    Subpoena and Produce Evidence; Fourteenth Amendment Right to Due
24  Process; Fourth Amendment Unreasonable Seizure for Trial without
    Due Process."  FAC at 17:1-3.  The allegations in this cause of
25  action concern the allegedly intentional destruction of
    Plaintiff's cellphone which contained recorded communications
26  between Defendant Hauck and Plaintiff.  See id. at ¶¶ 40-53.  As
    such, the Court refers to this cause of action as one arising
27  under section 1983 for destruction of evidence even though
    Plaintiff appears to assert multiple claims within.
28

1  action, supported by mere conclusory statements." Id.  In

2  considering a motion to dismiss for failure to state a claim,

3  the court generally accepts as true the allegations in the

4  complaint, construes the pleading in the light most favorable to

5  the party opposing the motion, and resolves all doubts in the

6  pleader's favor.  Lazy Y Ranch LTD. v. Behrens, 546 F.3d 580,

7  588 (9th Cir. 2008).  "In sum, for a complaint to survive a

8  motion to dismiss, the non-conclusory 'factual content,' and

9  reasonable inferences from that content, must be plausibly

10  suggestive of a claim entitling the plaintiff to relief."  Moss

11  v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

12        B.  Analysis

13        Defendants move to dismiss each cause of action in the FAC

14  for the reasons set forth below.

15            1.  Plaintiff Fails to State a Claim for Excessive

16                Force Under 42 U.S.C. Section 1983

17        Plaintiff's first cause of action is for excessive force

18  under 42 U.S.C. section 1983.  FAC ¶¶ 25-29.  Defendants contend

19  this claim must be dismissed as to Defendants Hauck and Danisan

20  because Plaintiff does not allege either Defendant used any

21  force against him.  Mot. at 11.  Plaintiff concedes but offers

22  additional allegations that he intends to include if given leave

23  to amend.  Opp'n at 2, 18-21.  These proposed allegations assert

24  Defendant Koski deployed spike strips at the direction of

25  Defendant Hauck, and that Officer Danisan subjectively believed

26  the use of spike strips constituted deadly force.  Id. at 18-21.

27  Plaintiff also asserts in these proposed allegations that he did

28  not make contact with the spike stripes that were deployed.  Id.

8

1    The additional allegations do not establish these

2  Defendants made physical contact with Plaintiff, or that they

3  caused Plaintiff to make physical contact with spike strips or

4  some other device.  Plaintiff's argument that the mere

5  deployment of spike strips—without contact—constitutes excessive

6  force is unpersuasive and unsupported by legal authority.

7    Defendants contend this claim should also be dismissed as

8  to Defendant Yuba City because Plaintiff has not pleaded an

9  underlying constitutional violation of excessive force.  Mot. at

10  12.  The Court agrees.  As pleaded, Plaintiff has not alleged an

11  excessive force claim upon which Yuba City can be liable.

12  Therefore, this claim also fails against Defendant Yuba City as

13  a matter of law.  See City of Los Angeles v. Heller, 475 U.S.

14  796, 799 (1986) ("If a person has suffered no constitutional

15  injury at the hands of the individual police officer, the fact

16  that the departmental regulations might have authorized the use

17  of constitutionally excessive force is quite beside the

18  point.").  The Court need not consider Defendant's remaining

19  argument regarding the failure to plead a policy or practice of

20  constitutional violations.

21    Further, the Court DISMISSES this claim against Defendants

22  Hauck, Danisan, and Yuba City WITH PREJUDICE because allowing

23  Plaintiff to amend the complaint as proposed would be futile.

24  Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160

25  (9th Cir. 1989).

26    2.   Plaintiff is Collaterally Estopped from Pleading

27       the Lack of Probable Cause

28    Defendants label the second, third, fourth, fifth, and

seventh causes of action as claims for false arrest or malicious prosecution, thus requiring Plaintiff to plead the absence of probable cause as an element of each claim.  Mot. at 13. Defendants argue these causes of action must be dismissed because Plaintiff is collaterally estopped from relitigating the issue of probable cause in this suit.  Id. at 14-16.

Before reaching the merits of Defendants' argument, Plaintiff contends Defendants have mischaracterized his third, fifth, and seventh causes of action, obviating the need to plead the lack of probable cause.  Opp'n at 3, 7-8.  Although Plaintiff's third cause of action is not limited to malicious prosecution but also seeks to hold Defendant Jurado liable for violations of the right to a fair trial, the right to produce evidence, due process, and unreasonable seizure, FAC ¶¶ 40-53, this claim still contains a malicious prosecution component as pleaded.  See id.; Opp'n at 7.  Therefore, Plaintiff must allege the absence of probable cause.

As to the fifth and seventh causes of action, Defendants misconstrue the nature of these claims.  The fifth cause of action is not for false arrest but for selective arrest and prosecution in violation of the Fourteenth Amendment's Equal Protection Clause.  FAC ¶¶ 63-77.  Similarly, the seventh cause of action does not assert a claim for false arrest but for a violation of Plaintiff's substantive due process right to familial relations under the Fourteenth Amendment.  Id. at ¶¶ 83-91.  Both the fifth and seventh causes of action claim are distinct from Plaintiff's false arrest and malicious prosecution claims despite sharing a similar factual basis.  Defendants have

1   not demonstrated Plaintiff must allege the lack of probable

2   cause to proceed with the types of claims Plaintiff asserts in

3   his fifth and seventh causes of action.  The Court therefore

4   DENIES Defendants' motion to dismiss the fifth and seventh cause

5   of action on probable cause grounds.  In sum, only Plaintiff's

6   second, third, and fourth causes of action are claims for false

7   arrest or malicious prosecution.

8       Reaching the merits of Defendants' argument, Plaintiff must

9   plead the lack of probable cause to assert a claim for false or

10  arrest or malicious prosecution claim under 42 U.S.C. section

11  1983.  Dubner v. City & Cnty. of S.F., 266 F.3d 959, 964 (9th

12  Cir. 2001) (false arrest); Freeman v. City of Santa Ana, 68 F.3d

13  1180, 1189 (9th Cir. 1995) (malicious prosecution).  Defendants

14  argue the probable cause findings during Plaintiff's prior

15  criminal prosecution preclude him from relitigating that issue

16  here.  Mot. at 14-16; Exh. B to Mot., ECF No. 17-3. The Court

17  agrees.

18      "In California, as in virtually every other jurisdiction,

19  it is a long-standing principle of common law that a decision by

20  a judge or magistrate to hold a defendant to answer after a

21  preliminary hearing constitutes prima facie—but not conclusive—

22  evidence of probable cause." Awabdy v. City of Adelanto, 368

23  F.3d 1062, 1067 (9th Cir. 2004).  A finding of probable cause to

24  stand trial is also a finding of probable cause to arrest the

25  defendant.  McCutchen v. City of Montclair, 73 Cal. App. 4th

26  1138, 1145 (1999) (citing Haupt v. Dillard, 17 F.3d 285, 289

27  (1994)).  "As a general rule, each of [the] requirements [for

28  collateral estoppel] will be met when courts are asked to give

1   preclusive effect to preliminary hearing probable cause findings

2   in subsequent civil actions for false arrest and malicious

3   prosecution." Wige v. City of Los Angeles, 713 F.3d 1183, 1185

4   (9th Cir. 2013).

5       Here, the Sutter County Superior Court found probable cause

6   for Plaintiff to stand trial for California Penal Code sections

7   278.5 (depriving a custodian of child custody), 166(a)(4)

8   (violating of a court order) and California Vehicle Code section

9   2800.1 (fleeing a pursuing peace officer).  Exh. B to Mot.  The

10  Superior Court did not find probable cause that Plaintiff

11  committed a felony violation of penal code section 273(a) (child

12  endangerment) but did find probable cause that he committed a

13  misdemeanor violation of that section.  Id.

14      The Court finds there was probable cause for Plaintiff's

15  arrest on August 31, 2020, and ensuing prosecution given the

16  Superior Court's findings from the preliminary hearing on

17  September 11, 2020, in Case No. CRF20-0002073.  Rather than

18  contesting the Superior Court's findings, Plaintiff argues he is

19  not estopped from arguing the lack of probable cause in this

20  suit.  Opp'n at 10-13.

21      A plaintiff may rebut the prima facie finding of probable

22  cause and relitigate the issue in a subsequent civil suit when

23  (1) facts were presented to the judicial officer presiding over

24  the preliminary hearing which were additional to (or different

25  from) those available to the officers at the time they made an

26  arrest, Haupt v. Dillard, 17 F.3d 285, 289; (2) a prior criminal

27  defendant did not vigorously pursue the issue of probable cause

28  during the preliminary hearing for tactical reasons, id. at 289;

1   or (3) the probable cause determination was based on perjury or

2   fabricated evidence presented at the preliminary

3   hearing, <u>McCutchen v. City of Montclair</u>, 73 Cal. App. 4th 1138,

4   1147 (1999); <u>see also</u> <u>Awabdy</u>, 368 F.3d at 1068.  In the absence

5   of one of these exceptions, plaintiffs are collaterally estopped

6   from relitigating the issue of probable cause in a subsequent

7   civil suit.

8        Plaintiff argues he is not collaterally estopped for four

9   reasons.  First, Plaintiff argues he may relitigate the issue of

10  probable cause because the prosecution did not call every

11  potential witness and offer all available evidence.  Opp'n at

12  10-11.  Plaintiff does not support his argument with legal

13  authority. He also does not contend that he was precluded from

14  calling witnesses and offering evidence himself.  <u>See</u> <u>id.</u>

15  Nevertheless, this reason is not a recognized exception.

16       Second, Plaintiff argues he is not collaterally estopped

17  because Defendants Hauck and Jurado misrepresented or fabricated

18  evidence.  Opp'n at 11; <u>see also</u> FAC ¶¶ 37-38, 44.  However,

19  there is nothing to suggest this evidence was presented at the

20  preliminary hearing or ultimately relevant in determining

21  probable cause; Plaintiff admits that neither Hauck nor Jurado

22  testified at the preliminary hearing.  Opp'n at 10.

23       Third, Plaintiff argues the issue of probable cause was not

24  fully litigated because of tactical reasons.  Opp'n at 11-12.

25  While this is a recognized exception, <u>Haupt</u>, 17 F.3d at 289, the

26  FAC contains no allegations that Plaintiff refrained from fully

27  litigating the issue of probable cause at the preliminary

28  hearing for tactical reasons.  Therefore, as pleaded,

1   Plaintiff's allegations fail to state a plausible claim and put

2   Defendants on notice.

3        Lastly, Plaintiff argues a finding of probable cause for

4   violating a provision of the California Vehicle Code does not

5   have collateral estoppel effect, citing Lockett v. Ericson, 656

6   F.3d 892 (9th Cir. 2011).  Plaintiff is correct.  However,

7   Plaintiff's false arrest and malicious prosecution claims are

8   not premised solely on the vehicle code violation but on all the

9   charges collectively, including those for which the Superior

10  Court found probable cause.  See FAC ¶¶ 30-62.  Therefore, as

11  alleged, these causes of action are deficient.  The Court

12  DISMISSES the second, third, and fourth causes of action WITHOUT

13  PREJUDICE.

14              3.   Defendants Are Not Insulated by the Presumption of

15                   Prosecutorial Independence

16       Defendants also argue the second and third causes of action

17  for malicious prosecution should be dismissed because the

18  presumption of prosecutorial independence "insulates the

19  arresting officers from liability for harm suffered after the

20  prosecutor initiated formal prosecution." Smiddy v. Varney, 803

21  F.2d 1469, 1471 (9th Cir. 1986), opinion modified on denial of

22  reh'g, 811 F.2d 504 (9th Cir. 1987).

23       The presumption of prosecutorial independence bars liability

24  for malicious prosecution claims unless the plaintiff produces

25  "contrary evidence, e.g., that the district attorney was

26  subjected to unreasonable pressure by the police officers, or

27  that the officers knowingly withheld relevant information with

28  the intent to harm [plaintiff], or that the officers knowingly

14

1    supplied false information . . . ."  Id.; Awabdy, 368 F.3d at

2    1067 (the presumption does not apply when "state or local

3    officials [] improperly exerted pressure on the prosecutor,

4    knowingly provided misinformation to him, concealed exculpatory

5    evidence, or otherwise engaged in wrongful or bad faith conduct

6    that was actively instrumental in causing the initiation of legal

7    proceedings.").

8         Based on the following allegations in the FAC, taken as

9    true, there is sufficient "contrary evidence" to rebut the

10   presumption: (1) Defendant Jurado knowingly destroyed Plaintiff's

11   cellphone, which contained potentially exculpatory evidence, and

12   omitted doing so from his police report; (2) Yuba City police

13   officers knew Ms. Adams was dishonest and withheld that

14   information from prosecutors; (3) Defendant Hauck omitted from

15   his police report that he instructed Plaintiff to continue

16   driving while simultaneously instructing other police officers to

17   deploy spike strips, leading to his arrest and prosecution for

18   evading a peace officer; and (4) Defendant Danisan's statement

19   that Plaintiff was intending to commit suicide-by-cop was

20   knowingly false.  See FAC ¶¶ 8, 10, 34, 36-38, 44, 48.

21   Therefore, Plaintiff has alleged sufficient facts to overcome the

22   presumption at this stage.  Defendants' motion to dismiss on this

23   ground is DENIED.

24              4.   Plaintiff's Fourth Cause of Action for False

25                   Arrest Fails to State a Claim Upon Which Relief

26                   Can Be Granted

27        Plaintiff's fourth cause of action is for false arrest

28   against several individual defendants, including Defendant Koski.

1   FAC ¶¶ 54-62.  Defendant Koski requests dismissal as to this

2   cause of action because no allegations suggest he was involved in

3   Plaintiff's arrest.  Mot. at 19.  Plaintiff concedes, Opp'n at

4   15, 19, but offers additional allegations he would include if

5   given leave to amend.  The proposed allegations assert Defendant

6   Koski laid the spike strips on August 31, 2020, to immobilize

7   Plaintiff's vehicle, ultimately leading to his arrest.  Id.

8   Defendants do not argue that the false arrest claim still fails

9   in light of these additional allegations.  Therefore, the Court

10  DISMISSES this cause of action WITHOUT PREJUDICE.

11              5.    Plaintiff's Fifth Cause of Action Under the

12                    Fourteenth Amendment's Equal Protection Clause

13                    Fails to State a Claim Upon Which Relief Can Be

14                    Granted

15       Plaintiff's fifth cause of action is brought under 42 U.S.C.

16  section 1983 for race-gender discrimination under the Fourteenth

17  Amendment's Equal Protection Clause.  FAC ¶¶ 63-77.  "The Equal

18  Protection Clause of the Fourteenth Amendment commands . . . that

19  all persons similarly situated should be treated alike."  City of

20  Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).  "To

21  state a claim under 42 U.S.C. § 1983 for a violation of the Equal

22  Protection Clause of the Fourteenth Amendment a plaintiff must

23  show that the defendants acted with an intent or purpose to

24  discriminate against the plaintiff based upon membership in a

25  protected class."  Barren v. Harrington, 152 F.3d 1193, 1194 (9th

26  Cir.1998), cert. denied, 525 U.S. 1154 (1999).  A

27  disproportionate impact on an identifiable group is insufficient

28  on its own.  Village of Arlington Heights v. Metro. Hous. Dev.

16

1  <u>Corp.</u>, 429 U.S. 252, 264-66, 97 S.Ct. 555, 50 L.Ed.2d 450

2  (1977) (citing <u>Washington v. Davis</u>, 426 U.S. 229, 242, 96 S.Ct.

3  2040, 48 L.Ed.2d 597 (1976)) ("Disproportionate impact is not

4  irrelevant, but it is not the sole touchstone of an invidious

5  racial discrimination.").

6        This claim fails for multiple reasons.  First, Plaintiff

7  fails to sufficiently plead non-conclusory facts plausibly

8  suggesting each defendant "acted with an intent or purpose to

9  discriminate against the plaintiff based upon membership in a

10  protected class."  Rather, most of the allegations are asserted

11  in conclusory fashion against "Yuba City Police Department."  <u>See</u>

12  <u>id.</u> at ¶¶ 63-77.  Plaintiff does not assert any factual

13  allegations against Defendants Danisan, Jurado, or Koski in

14  support of this cause of action.  <u>See id.</u>  Although Plaintiff

15  alleges Defendant Hauck informed him that he should move away

16  from Yuba City, <u>id.</u> at ¶ 64, Plaintiff does not allege this

17  comment was made because of Plaintiff's race or gender.  <u>See id.</u>

18  Even if it was, the Court finds that this comment alone does not

19  amount to differential treatment under the law.

20        Second, this claim is premised on the allegedly differential

21  treatment between Plaintiff and Ms. Adams.  FAC ¶¶ 71-74.  Ms.

22  Adams, however, belongs to the same racial class as Plaintiff.

23  <u>Id.</u> at ¶ 73.  Thus, racial discrimination cannot logically be the

24  reason for any differential treatment and cannot serve as the

25  basis for this claim.  To the extent Plaintiff is seeking an

26  equal protection claim based upon gender, the allegations are

27  insufficient to support a claim based on that theory.  Despite

28  Plaintiff's attempt to narrow his protected class beyond simply

1    race or gender, Plaintiff fails to persuade the Court that

2    controlling jurisprudence recognizes a cross-section of race and

3    gender as an independently protected class distinct from race or

4    gender alone.

5        Lastly, aside from conclusory allegations, Plaintiff has not

6    sufficiently alleged how Ms. Adams was similarly situated to him

7    to support that Plaintiff's prosecution was motivated by a

8    discriminatory purpose.  See Freeman, 68 F.3d at 1187.

9        Because Plaintiff has failed to allege an underlying

10   constitutional violation, Defendant Yuba City cannot be held

11   liable for this claim as a matter of law.  Heller, 475 U.S. at

12   799.

13       The Court therefore DISMISSES the fifth cause of action as

14   to Defendants Hauck, Danisan, Jurado, Koski, and Yuba City

15   WITHOUT PREJUDICE.

16            6.    Plaintiff's Sixth Cause of Action Against

17                  Defendant Yuba City Under *Monell* Fails to State a

18                  Claim Upon Which Relief Can Be Granted

19       Defendants' request the Court dismiss Plaintiff's sixth

20   cause of action against Defendant Yuba City because Plaintiff has

21   not alleged a policy or practice of constitutional violations as

22   required under Monell v. Dep't of Soc. Servs. of City of New

23   York, 436 U.S. 658 (1978).  Mot. at 20-21.

24       Municipalities and local governments may be held liable

25   under section 1983 for constitutional injuries inflicted through

26   a policy or custom.  Id. at 694.  To assert a Monell claim, a

27   plaintiff must show: (1) they were deprived of a constitutional

28   right; (2) the defendant had a policy or custom; (3) the policy

1   or custom amounted to deliberate indifference to the plaintiff's

2   constitutional right; and (4) the policy or custom was the

3   moving force behind the constitutional violation.  Dougherty v.

4   City of Covina, 654 F.3d 892, 900 (9th Cir. 2011); Mabe v. San

5   Bernardino Cty., 237 F.3d 1101, 1110-11 (9th Cir. 2001).

6       While Monell claims are not subject to the heightened

7   pleading standard under Rule 9(b) of the Federal Rules of Civil

8   Procedure, Leatherman v. Tarrant Cnty. Narcotics Intel. &

9   Coordination Unit, 507 U.S. 163, 168 (1993), they "may not

10  simply recite the elements of a cause of action, but must

11  contain sufficient allegations of underlying facts to give fair

12  notice and to enable the opposing party to defend itself

13  effectively."  AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d

14  631, 637 (9th Cir. 2012) (internal quotation marks and citation

15  omitted).  "[T]he factual allegations [. . .] taken as true must

16  plausibly suggest an entitlement to relief, such that it is not

17  unfair to require the opposing part to be subject to the expense

18  of discovery and continued litigation."  Id.

19      Plaintiff's sixth claim concerns the sale of Plaintiff's

20  vehicle following his arrest on August 31, 2020.  FAC ¶¶ 78-82.

21  Plaintiff does not assert a custom or policy was the moving

22  force behind the alleged constitutional violation.  See FAC

23  ¶¶ 78-82.  Aside from the single, alleged incident involving

24  Plaintiff's vehicle, he does not identify another similar

25  instance to suggest Defendant Yuba City had a policy or custom

26  of violating an individual's constitutional right such that it

27  was "standard operating procedure."  Gillette v. Delmore, 979

28  F.2d 1342, 1347 (9th Cir. 1992); see also Trevino v. Gates, 99

1  F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom

2  may not be predicated on isolated or sporadic incidents; it must

3  be founded upon practices of sufficient duration, frequency and

4  consistency that the conduct has become a traditional method of

5  carrying out policy.").

6      In opposition, Plaintiff asks the Court to allow the claim

7  "to proceed to discovery so that [he] can have an opportunity to

8  inquire further."  Opp'n at 17.  However, as alleged, Plaintiff

9  fails to state a claim upon which relief can be granted and is

10  not entitled to proceed.  Dougherty v. City of Covina, 654 F.3d

11  892, 900 (9th Cir. 2011); Mabe v. San Bernardino Cty., 237 F.3d

12  1101, 1110-11 (9th Cir. 2001). Plaintiff does not appear to

13  currently have any factual basis for additional allegations of a

14  policy or custom that caused a constitutional violation, given

15  Plaintiff's stated intention to inquire further through

16  discovery.  See Opp'n at 17.  Given the lack of factual basis,

17  the Court finds leave to amend would be futile as well as

18  unfairly subject Defendants to unnecessary discovery on this

19  issue.  Ascon Properties, Inc., 866 F.2d at 1160; AE ex rel.

20  Hernandez v. Cty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012).

21  The Court DISMISSES this claim WITH PREJUDICE.

22          7.   Plaintiff's Seventh Cause of Action for a

23               Violation of the Fourteenth Amendment's Right to

24               Familial Relations Need Not Be Analyzed Under the

25               Fourth Amendment

26      Plaintiff's seventh cause of action asserts a violation of

27  the Fourteenth Amendment's substantive due process right to

28  familial relations.  FAC ¶¶ 83-91.  Defendants argue this claim

1  should be dismissed because it must be analyzed under the Fourth

2  Amendment and is thus duplicative of Plaintiff's other claims.

3  Mot. at 21.  Plaintiff contends Defendants have misunderstood

4  this claim.  Opp'n at 17-18.

5      The alleged harm for this cause of action is not the false

6  arrest but Defendant Yuba City's interference with Plaintiff's

7  constitutional right to familial relations with his children.

8  Although the allegedly false arrest may be related to this

9  claim, it is not the subject of this cause of action.  See id.

10  at 17-18.  Moreover, Defendants' citation to footnote seven of

11  United States v. Lanier, 520 U.S. 259 (1997) is incomplete; the

12  omitted portion undermines Defendants' position: "Graham v.

13  Connor, 490 U.S. 386, 394 [] (1989), does not hold that all

14  constitutional claims relating to physically abusive government

15  conduct must arise under either the Fourth or Eighth Amendments

16  . . . ."  United States v. Lanier, 520 U.S. 259, 272 n.7 (1997).

17      The Court holds this claim need not be brought under the

18  Fourth Amendment and is therefore not duplicative of Plaintiff's

19  other claims.  Defendants' motion to dismiss the seventh cause

20  of action on this ground is DENIED.

21                        IV.   ORDER

22      For the reasons set forth above, the Court DENIES IN PART

23  and GRANTS IN PART Defendant's motion to dismiss Plaintiff's FAC

24  as follows:

25      1.   The Court DISMISSES the first cause of action against

26  Defendants Hauck, Danisan, and Yuba City WITH PREJUDICE;

27      2.   The Court DISMISSES the second, third, and fourth

28  causes of action against Defendants Danisan, Hauck, Koski, and

1    Jurado WITHOUT PREJUDICE;

2         3.    The Court DISMISSES the fifth cause of action against

3    Defendants Hauck, Danisan, Jurado, Koski, and Yuba City WITHOUT

4    PREJUDICE; and

5         4.    The Court DISMISSES the sixth cause of action against

6    Defendant Yuba City WITH PREJUDICE.

7         If Plaintiff elects to amend his complaint, he shall file a

8    Second Amended Complaint within twenty (20) days of this Order.

9    Defendants' responsive pleading is due twenty (20) days

10   thereafter.

11        IT IS SO ORDERED.

12   Dated: December 18, 2023

13

14                              _____

15                              JOHN A. MENDEZ
                                SENIOR UNITED STATES DISTRICT JUDGE
16

17

18

19

20

21

22

23

24

25

26

27

28