UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KYLE WILLIAMS,

Plaintiff,

v.

YUBA CITY, et al.,

Defendants.

No. 2:22-cv-01750-JAM-CKD

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

This matter is before the Court on Defendants Yuba City, Katheryn Danisan, D. Hauck, Enrique Jurado, Nico Mitchell, and Spencer Koski's (collectively, "Defendants") motion to dismiss Plaintiff Kyle Williams' ("Plaintiff") second amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defs.' Mot. to Dismiss Pl.'s Second Am. Compl., ECF No. 26.

For the reasons set forth below, the Court GRANTS Defendants' motion.[1]

I. ALLEGATIONS AND BACKGROUND

The parties are intimately familiar with the allegations and procedural background of this case, which were included in the Court's previous Order on Defendant's motion to dismiss Plaintiff's first amended complaint ("FAC Order"). See FAC Order, ECF No. 22. The first and second amended complaints are

[1]This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

substantially similar. Compare Second Am. Compl. ("SAC"), ECF No. 23, with First Am. Compl. ("FAC"), ECF No. 14. However, the following material allegation was added to the SAC: "[a]t the preliminary hearing, Plaintiff's lawyer failed to call either Jurado or Hauck as witnesses when the DA failed to call them because he did not want to alert the DA to the planned trial defense." SAC ¶ 8(d)(vii).

Like the FAC, Plaintiff's SAC asserts the following causes of action under federal law: (1) excessive force; (2) malicious prosecution; (3) right to a fair trial;[2] (4) false arrest; (5) Equal Protection Clause violation; and (6) unconstitutional deprivation of familial relations. See generally SAC. The only claim Plaintiff did not reallege in the SAC is the Monell claim against Yuba City regarding Plaintiff's vehicle. Compare SAC, with FAC ¶¶ 78-82. Defendants now move to dismiss each claim. Plaintiff opposed, Opp'n, ECF No. 27, and Defendants replied. Reply, ECF No. 28.

## II. REQUEST FOR JUDICIAL NOTICE

Defendants request four matters be judicially noticed under Rule 201 of the Federal Rules of Evidence. Defs.' Req. for Judicial Notice ("RJN"), ECF No. 26-2. The Court previously took judicial notice of the first three matters in the FAC

[2] Plaintiff's third cause of action is entitled "42 U.S.C. § 1983—Sixth Amendment Right to Fair Trial; Sixth Amendment Right to Subpoena and Produce Evidence; Fourteenth Amendment Right to Due Process; Fourth Amendment Unreasonable Seizure for Trial without Due Process." SAC at 17:7-10. The Court will refer to this cause of action as one for interference with Plaintiff's right to a fair trial, even though Plaintiff asserts multiple claims within. See id.

Order, which included (1) the Custody Order; (2) the Preliminary Hearing Minute Order; and (3) that August 31, 2020, was a Monday. FAC Order at 2. The fourth matter is the transcript from Plaintiff's preliminary hearing on September 11, 2020. RJN, ECF No. 26-2. Plaintiff does not object to Defendants' request. See generally Opp'n.

As matters of public record whose authenticity is not disputed, the Court takes judicial notice as requested. Lee, 250 F.3d at 689-90; Fed. R. Evid. 201(b). The Court only takes judicial notice of the contents, or lack of contents, within the documents noticed and not the truth of those contents. Lee, 250 F.3d at 690; see also In re Calder, 907 F.2d 953, 955 n.2 (10th Cir. 1990) (taking judicial notice of the contents of bankruptcy documents but not the truth of the content). For example, the Court takes judicial notice of the presence or absence of matters in the preliminary hearing transcript but not any factual matters stated therein.

## III. OPINION

### A. Legal Standard

Dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure when a plaintiff's allegations fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). While "detailed factual allegations" are unnecessary, the complaint must allege more

than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. Lazy Y Ranch LTD. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

B. Analysis

1. Plaintiff's Claim for Excessive Force Under 42 U.S.C. Section 1983

The Court previously dismissed with prejudice Plaintiff's first cause of action for excessive force. FAC Order at 9. Plaintiff asserts it was included in the SAC solely to preserve his right to appeal. Opp'n at 2; SAC at 14:7-11. This was unnecessary. The Court also notes, however, that this claim has been modified. Compare SAC ¶¶ 25-30, with FAC ¶¶ 25-29. To the extent Plaintiff is attempting to reassert this claim, it is once again dismissed with prejudice.

2. Plaintiff is Collaterally Estopped from Relitigating the Issue of Probable Cause

Plaintiff's second, third, and fourth causes of action are for false arrest or malicious prosecution. SAC ¶¶ 31-67; FAC Order at 10-11; SAC at 17:7-10 (listing claims asserted within

the third cause of action); Opp'n at 8. Thus, Plaintiff must properly allege the absence of probable cause. Dubner v. City & Cnty. of S.F., 266 F.3d 959, 964 (9th Cir. 2001) (false arrest); Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995) (malicious prosecution). Defendants argue the second, third, and fourth causes of action fail because Plaintiff is collaterally estopped from arguing the lack of probable cause in this suit. Memo. of P. & A. ("Mot."), ECF No. 26-1 at 6. Defendants are correct.

"[A] decision by a judge or magistrate to hold a defendant to answer after a preliminary hearing constitutes prima facie—but not conclusive—evidence of probable cause." Awabdy v. City of Adelanto, 368 F.3d 1062, 1067 (9th Cir. 2004). "As a general rule, each of [the] requirements [for collateral estoppel] will be met when courts are asked to give preclusive effect to preliminary hearing probable cause findings in subsequent civil actions for false arrest and malicious prosecution." Wige v. City of Los Angeles, 713 F.3d 1183, 1185 (9th Cir. 2013). A finding of probable cause to stand trial is also a finding of probable cause to arrest. McCutchen v. City of Montclair, 73 Cal. App. 4th 1138, 1145 (1999) (citing Haupt v. Dillard, 17 F.3d 285, 289 (1994)). The prima facie finding of probable cause may be rebutted when a tactical reason prevents a criminal defendant from having a "full and fair opportunity" to litigate the issue at the preliminary hearing. McCutchen, 73 Cal. App. 4th at 1147; Haupt, 17 F.3d at 289; see also FAC Order at 12-13.

The Sutter County Superior Court found probable cause for Plaintiff to stand trial during the preliminary hearing in

Plaintiff's prior criminal prosecution. Prelim. Hr'g Min. Order, Exh. B to RJN, ECF No. 26-3 at 11-12. For this reason, and since no exception to rebut the finding of probable cause was alleged in the FAC, the Court previously dismissed Plaintiff's false arrest and malicious prosecution claims. FAC Order at 9-14.

Plaintiff contends the following allegation in the SAC sufficiently pleads a "tactical reason" exception to collateral estoppel: "[a]t the preliminary hearing, Plaintiff's lawyer failed to call either Jurado or Hauck as witnesses when the DA failed to call them because he did not want to alert the DA to the planned trial defense." SAC ¶ 8(d)(vii); Opp'n at 9-12. The Court disagrees. A failure to call two witnesses does not demonstrate Plaintiff lacked a "full and fair opportunity" to litigate the issue of probable cause. That Plaintiff may have ultimately benefited from his failure is insufficient. Plaintiff need not have litigated every issue affecting probable cause for this Court to find he had a full and fair opportunity to do so. As stated in the FAC Order, a state prosecutor is not obligated to call every witness, and Plaintiff does not contend he was prevented from calling witnesses and offering evidence himself. FAC Order at 13. Since "a failure to take advantage of the opportunity to litigate an issue will not preclude collateral estoppel," Hoffman v. Gibson, No. 3:17-CV-00618-H-BLM, 2017 WL 3457525, at *3 (S.D. Cal. Aug. 11, 2017), Plaintiff has not alleged an exception. Indeed, Plaintiff contested the issue of probable cause at the preliminary hearing when his criminal defense counsel cross-examined all six of the

government's witnesses. Prelim. Hr'g Tr., Exh. C to RJN, ECF No. 26-3 at 15.

Plaintiff offers several other reasons to support his argument that he is not estopped from arguing the lack of probable cause in this suit. Opp'n at 9-13. Some of these arguments were previously rejected by the Court and are not readdressed here. See FAC Order at 13-14. The remaining arguments are unpersuasive and unsupported by legal authority.

First, Plaintiff argues he cannot be collaterally estopped because the term "probable cause" was not used during the preliminary hearing. Opp'n at 9. Plaintiff does not support with legal authority that this specific phrase must be used to create preclusive effect. Id. Second, Plaintiff alleges his criminal defense attorney "had been denied access to significant relevant police reports" at the preliminary hearing. SAC ¶ 8(d)(vi). Plaintiff's citation to the preliminary hearing transcript does not support this allegation. Id. (citing Prelim. Hr'g Tr., Exh. C to RJN, ECF No. 26-3 at 17:15-26). Nevertheless, this is not a recognized exception to collateral estoppel. See FAC Order at 12-13. Lastly, Plaintiff disputes the applicability of McCutchen given the conflicting holding in Schmidlin v. City of Palo Alto, 157 Cal.App.4th 728 (2007), which found preliminary hearing findings do not create collateral estoppel effect for subsequent civil suits. Overwhelming authority in the Ninth Circuit, however, has followed McCutchen rather than Schmidlin. E.g., Patterson v. City of Yuba City ("Patterson II"), 748 F. App'x 120, 121 (9th Cir. 2018); Wige, 713 F.3d 1183. The California Supreme Court

also cited McCutchen in denying the Ninth Circuit's certification request to resolve this divergence between the appellate courts. Patterson II, 748 F. App'x at 121 n.1. Thus, the Ninth Circuit "rel[ied] on McCutchen as a guide for how the California Supreme Court would decide this case, rather than Schmidlin . . . ." Id. This Court must too.

In sum, because Plaintiff has not sufficiently alleged an exception, the Court finds Plaintiff is collaterally estopped from relitigating the issue of probable cause in this suit. Plaintiff's second, third, and fourth causes of action thus fail to state a claim upon which relief can be granted and are once again dismissed.

3. Whether Defendant Koski is Insulated by the Presumption of Prosecutorial Independence is Moot

Defendant Koski moves to dismiss the second cause of action for malicious prosecution on the ground that he is protected by the presumption of prosecutorial independence. Mot. at 10. This argument is moot given the preceding findings by the Court.

4. Plaintiff's Fifth Cause of Action Under the Fourteenth Amendment's Equal Protection Clause Fails to State a Claim Upon Which Relief Can be Granted

Plaintiff's fifth cause of action alleges race-gender discrimination under the Fourteenth Amendment's Equal Protection Clause. SAC ¶¶ 68-82. This claim was previously dismissed for several reasons, FAC Order at 16-17, and Plaintiff has not cured those defects in the SAC. Instead, Plaintiff argues the statistical disparities alleged in the SAC are sufficient to

maintain this claim. Opp'n at 15-17. While Plaintiff correctly notes statistical disparities are relevant, Vill. of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 265 (1977), "racially discriminatory intent or purpose is required . . . ." Id. at 265 (emphasis added). The allegations and statistical disparities in the SAC, taken as true, do not equate to "an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Therefore, this claim fails for the same reasons identified in the FAC Order and is once again dismissed. Since Plaintiff has failed to allege an underlying constitutional violation against an individual defendant, Defendant Yuba City cannot be held liable for this claim as a matter of law. City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986).

5. Plaintiff's Sixth Cause of Action Under the Fourteenth Amendment's Right to Familial Relations is Duplicative

Plaintiff's sixth cause of action alleges Defendants unconstitutionally interfered with his Fourteenth Amendment right to familial relations. SAC ¶¶ 83-91. Defendants argue this claim should be dismissed because it is duplicative of Plaintiff's Equal Protection claim. Mot. at 11-12. The Court agrees. Despite the title, this claim is based on the allegedly unequal enforcement of Plaintiff's rights to his children in comparison with Ms. Adam's rights. See SAC ¶¶ 87-89 ("These defendants acted with knowledge that by not enforcing the law equally against Adams . . . ."); Opp'n at 18. Because this

cause of action is duplicative of Plaintiff's Equal Protection claim, it is dismissed. Accordingly, the Court need not address whether Plaintiff failed to allege conduct that "shocks the conscience." Mot. at 12.

6. Plaintiff's Claims are Dismissed With Prejudice Because Leave to Amend Would be Futile

Granting or denying leave to amend is within the discretion of District Courts. Foman v. Davis, 371 U.S. 178, 182 (1962). While leave to amend should be freely given, id., "[l]eave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . ." Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) (citing Foman, 371 U.S. 178). "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Ascon, 866 F.2d at 1160.

Despite having the opportunity to correct the defects identified in the FAC, the claims in the SAC fail for substantially similar reasons. Therefore, the Court finds further amendment would be an exercise in futility.

IV. ORDER

For the reasons set forth above, the Court GRANTS Defendants' motion to dismiss Plaintiff's SAC and DISMISSES each cause of action WITH PREJUDICE.

IT IS SO ORDERED.

Dated: Dated: June 5, 2024

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE